IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| PATRICIA J. RECKLEY, | ) | 8:17CV16 |
| --- | --- | --- |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM** |
| v. | ) | **AND ORDER** |
| | ) | |
| GALLUP, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff has filed a "motion for reconsideration" of the judgment of dismissal that was entered on May 1, 2017. Because Plaintiff has not indicated which provision of the Federal Rules of Civil Procedure she is relying upon in making the motion, it may be treated either as a Rule 59(e) motion to alter or amend judgment or as a Rule 60(b) motion for relief from judgment.[1] See *Sanders v. Clemco Indus.*, 862 F.2d 161, 168 (8th Cir.1988). But whichever rule is applied, the motion fails.

Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence. *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006). Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment. *Id.*

Under Rule 60(b), a court may grant a party relief from a judgment for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

---

[1] A Rule 59(e) motion "must be filed no later than 28 days after the entry of judgment." Fed.R.Civ.P. 59(e). A Rule 60(b) motion "must be made within a reasonable time." Fed.R.Civ.P. 60(c)(1). Plaintiff's motion was filed on May 8, 2017.

>   (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>   (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>   (4) the judgment is void;
>   (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>   (6) any other reason that justifies relief.

Fed.R.Civ.P. 60(b). Relief under the catchall provision, Rule 60(b)(6), is available only in "extraordinary circumstances." *Buck v. Davis*, 137 S. Ct. 759, 777-78 (2017) (quoting *Gonzalez v. Crosby*, 545 U.S. 524 (2005)).

To prevail on a Rule 59(e) or Rule 60(b)(2) motion on the basis of newly discovered evidence, the movant must show that (1) the evidence was discovered after trial; (2) the movant exercised due diligence to discover the evidence before the end of trial; (3) the evidence is material and not merely cumulative or impeaching; and (4) a new trial considering the evidence would probably produce a different result. *Metro. St. Louis Sewer Dist.*, 440 F.3d at 933.

Attached to Plaintiff's motion for reconsideration is an EEOC "right-to-sue" letter and mailing envelope which Plaintiff states she recently received. This notice, which is dated May 2, 2017, does not appear to relate to the instant case, but is offered for the limited purpose of showing that regular mail was used by the EEOC. The court accepts this fact, but, for reasons which will be discussed below, finds that it does not change the result. Indeed, the court entered judgment with the understanding that the EEOC's right-to-sue letter in this case was sent to Plaintiff by regular first class mail, as she had previously represented.[2]

---

[2] In response to the court's order on initial review of the original Complaint, and in support of her Amended Complaint, Plaintiff filed a memorandum brief in which

Plaintiff claims she "could very well have been mistaken about receiving the right to sue notice on the [*sic*] Oct 19, 2016," as alleged both in her Complaint and in her Amended Complaint, "and may have actually received it on Oct 21, 2016" (Filing No. 20 at CM/ECF p. 1). However, Plaintiff offers no evidence to support this claim of a possible mistake in her pleadings. Considering also that Plaintiff has previously represented to the court that she "documented the date she received [the right-to-sue letter] because it was sent by regular first class mail" (Filing No. 14 at CM/ECF p. 2), there is no basis for setting aside the judgment under Rule 60(b)(1).

Plaintiff argues that any doubt concerning the date of receipt should be resolved in her favor because the EEOC sent the right-to-sue letter by regular mail, which did not require a signed and dated receipt as proof of delivery. There is no merit to this argument, which the court will consider under Rule 60(b)(6) and Rule 59(e).[3]

A right-to-sue letter is presumed to have been received within 3 days after its issuance by the EEOC. *See Baldwin County Welcome Ctr. v. Brown,* 466 U.S. 147, 148 n. 1 (1984) (per curiam) (relying on 3-day mailing rule in former Rule 6(e) of the

---

she stated: "Plaintiff received the EEOC right-to-sue notice from the St. Louis district office Oct. 19, 2016. Plaintiff has the original envelope in which the notice was sent and documented the date she received it because it was sent as regular first class mail and not as registered mail as required by [Neb. Rev. Stat. §] 48-1120.01 which would yield a signature on the date it was retrieved. Plaintiff was not able to retrieve the notice earlier because she was out of state and did not return until then (Plaintiff can provide dated travel receipts as verification).... The court correctly notes that the 90-day period ended on Jan. 17, 2017, the day she mailed the document to the court." (Filing No. 14 at CM/ECF p. 2).

[3] Because the court dismissed this action after reviewing Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2), Plaintiff was not required or requested to make any argument prior to the entry of judgment. As discussed above, however, Plaintiff did submit a brief in which she claimed with certainty that she received the right-to-sue letter on October 19, 2016.

3

Federal Rules of Civil Procedure, which now appears in Rule 6(d)); *Bell v. B & W Co.*, No. 807CV148, 2007 WL 2011234, at *1 (D. Neb. July 6, 2007); *Kovtun v. Trotter Floor Cleaning Services, Inc.*, No. 4:08CV3179, 2009 WL 113879, at *2 (D. Neb. Jan. 16, 2009). In this case, the right-to-sue letter was issued by the EEOC on Thursday, October 6, 2016, and presumably was received by Plaintiff on or before Tuesday, October 11, 2016 (3 days later, excluding Sunday and Columbus Day). Although this is a rebuttable presumption, the October 19, 2016 date of receipt that Plaintiff alleged in her pleadings was still more than 90 days prior to the date suit was filed (January 19, 2017). Her current claim of uncertainty regarding the actual date of receipt does not provide sufficient grounds for setting aside the court's judgment under Rule 59(e) or Rule 60(b)(6).

Plaintiff also argues she is entitled to the benefit of the 3-day mailing rule under Rule 6(d) of the Federal Rules of Civil Procedure, such that the 90-day statute of limitations provided in the ADA and ADEA, *see* 42 U.S.C. § 2000e-5(f)(1), 42 U.S.C. § 12117(a), and 29 U.S.C. § 626(e),[4] would be extended to 93 days following receipt of the right-to-sue letter. Obviously, this is not a correct statement of the law. The statutory limitations period remains fixed at 90 days and it runs from the date of receipt of the right-to-sue letter; the 3-day mailing rule only serves to provide a presumptive date for commencement of the limitation s period when the actual date of receipt of the right-to-sue letter is disputed or unknown. *See Mosel v. Hills Dept. Store, Inc.,* 789 F.2d 251, 253 (3rd Cir. 1986) (The statute "requires that a complaint be filed within ninety days after the plaintiff actually receives notice of the EEOC's decision. An additional period to compensate for mailing time is irrelevant and

---

[4] Plaintiff also asserted a claim under the Nebraska Fair Employment Practice Act ("NFEPA"). According to information that was provided by Plaintiff in the brief submitted in support of her Amended Complaint, the 90-day limitations period for filing suit under NFEPA, *see* Neb. Rev. Stat. § 48-1120.01, expired on October 26, 2016 (Filing No. 14 at CM/ECF p. 2). NFEPA's limitations period is not tolled pending issuance of the EEOC's right-to-sue letter. *See Hohn v. BNSF Ry. Co.*, 707 F.3d 995, 1000-01 (8th Cir. 2013).

4

inappropriate."); *Peete v. American Standard Graphic,* 885 F.2d 331, 331-32 (6th Cir. 1989) (" 2000e-5(f)(1) requires that a complaint be filed within ninety days after the right-to-sue notice is actually *received*. The mailing time from the EEOC to the plaintiff works absolutely no hardship; therefore, no discernable purpose is served by applying [former] Rule 6(e).") (emphasis in original); *Kovtun*, 2009 WL 113879, at *2 (former Rule 6(e) "does not automatically allow a three-day extension to the ninety-day period").

In conclusion, Plaintiff has not has not demonstrated any legitimate reason for altering, amending, or otherwise obtaining any relief from the court's judgment of dismissal. She has not shown that the dismissal was the result of manifest error of law or fact, nor has she produced any newly discovered evidence that might lead to a different result. Plaintiff has not shown that she made a mistake in pleading the date of receipt of the right-to-sue letter. No "extraordinary circumstances" are presented. Instead, it seems Plaintiff simply missed the statutory deadlines for filing suit under the ADA, ADEA, and NFEPA. Although Plaintiff appears pro se, she is presumed to know the law. *See Baker v. Norris*, 321 F.3d 769, 772 (8th Cir. 2003).

IT IS THEREFORE ORDERED that Plaintiff's motion for reconsideration (Filing No. 20) is denied.

DATED this 11th day of May, 2017.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge